1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Eric W. Fife,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. 21-00377

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.  ISSUES FOR REVIEW

A.  Whether the ALJ Properly Evaluated Medical Opinion Evidence

B.  Whether the Court Should Remand This Case for Award of Benefits

## II.  BACKGROUND

On October 20, 2010, plaintiff filed application for Supplemental Security Income ("SSI"), alleging disability onset date of February 1, 2000. Administrative Record ("AR") 100. Plaintiff's application was denied upon official review and upon reconsideration. *Id*. On March 22, 2012, Administrative Law Judge ("ALJ") M.J. Adams issued an

unfavorable decision. AR 97–113. Plaintiff appealed, but the Social Security Appeals ("Appeals Council") denied his request. AR 120-25. Plaintiff did not appeal his rights at the U.S. District Court level and therefore the ALJ's decision of March 22, 2012 was the final decision of the Commissioner regarding plaintiff's October 20, 2010 application. AR 480.

On May 1, 2014, plaintiff filed a new application for SSI, alleging disability onset date of February 1, 2014. AR 205. Plaintiff's application was denied upon official review and upon reconsideration. AR 151,158. A hearing was held before ALJ Eric S. Basse on August 5, 2016. AR 69–96. On December 2, 2016, ALJ Basse issued an unfavorable decision (AR 15–32) and the Appeals Council denied plaintiff's request for review on November 28, 2017. AR 1. On December 22, 2017, plaintiff filed suit in this Court to seek review of the December 2, 2016 decision. Dkt. 15, p. 2. This Court issued an Order reversing and remanding the case for further proceedings pursuant to a stipulation of both parties. AR 552. On November 13, 2018, the Appeals Council issued an order consistent with this Court's order. AR 563-64.

A hearing on remand was held before ALJ Kimberly Boyce on November 5, 2019. AR 498-527. On December 24, 2019, ALJ Boyce issued a decision, finding that plaintiff had new severe impairments, that the presumption of continuing non-disability from the March 22, 2012 decision was rebutted, and that plaintiff has not been under a disability since April 17, 2014. AR 481-82. Plaintiff filed exceptions to the November 2019 hearing decision with the Appeals Council on January 28, 2020 but the Appeals Council denied review on January 12, 2021. AR 471-76.

Plaintiff now seeks judicial review of the ALJ's December 24, 2019 decision. Dkt. 15.

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.  DISCUSSION

In this case, the ALJ found that plaintiff had bipolar affective disorder, schizoaffective disorder, attention deficit hyperactivity disorder (ADHD), anxiety disorder, and polysubstance dependence in remission. AR 483. The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but that his ability to do so was compromised by his nonexertional limitations. AR 484. Relying on vocational expert ("VE") testimony, the ALJ found at step four that plaintiff could perform jobs existing in significant numbers in the national economy, therefore, the ALJ determined at step five that plaintiff was not disabled. AR 490.

A.  Whether the ALJ Properly Evaluated the Medical Opinion Evidence

Plaintiff assigns error to the ALJ's evaluation of the medical opinions of Mary Montgomery, ARNP; James D. Czysz, Psy.D., Melanie E. Mitchell Psy.D.; Tasmyn Bowes, Psy.D; and David B. Rowlett, III, M.D. Dkt. 15, pp.1–19. Specifically, plaintiff

argues that the ALJ erred by failing to provide "an adequate explanation" for giving their opinions "little weight" and giving "significant weight" to the opinion of nonexamining psychologist, Vincent Gollogly, Ph.D.

1.  Medical Opinion Standard of Review

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

2.  Opinion of Mary Montgomery, ARNP

Plaintiff contends that the ALJ failed to give proper weight to the opinion of treating psychiatric nurse practitioner, Mary Montgomery. Dkt. 12, p. 4.

Plaintiff filed his application before March 27, 2017, therefore under the Social Security regulations applicable to this case, "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted). Nevertheless, evidence from "other sources," that is, lay evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* at *4.

A nurse practitioner is not an "acceptable medical source" under the applicable regulations, and thus may be given less weight than those of acceptable medical

sources. *See Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996); 20 C.F.R. [§ 404.1513(a), (d)][,] [§ 416.913(a), (d)] (licensed physicians and licensed or certified psychologists are "acceptable medical sources"). The opinions of "other sources," such as nurse practitioners, instead generally are treated in the same manner as testimony of lay witnesses. *See* 20 C.F.R. [§ 404.1513(d)][,] [§ 416.913(d)] (Commissioner may also use evidence from other sources to show the severity of claimant's impairment(s) and how those impairments affects his or her ability to work). Evidence from "other medical sources" may be discounted if, as with evidence from lay witnesses in general, the ALJ "gives reasons germane to each [source] for doing so." *Molina v. Astru*e, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

Mary Montgomery, Advanced Registered Nurse Practitioner ("ARNP"), started treating plaintiff on April 20, 2011 and  also has treated him since. AR 466. In evaluating ARNP Montgomery's opinion, the ALJ considered treatment notes from December 2013 (AR 355-56) and ARNP Montgomery's opinion letter in response to plaintiff's representative on August 2, 2016 (AR 466-68).

 In the December 2013 treatment notes, ARNP Montgomery observed that plaintiff "becomes loud, angry, yells, and loses control of his emotions and 'snaps.'" AR 355-56. She opined that "[d]isability precludes" plaintiff from sustained employment. AR 356.

In the 2016 opinion letter, ARNP Montgomery observed that plaintiff's "mood is severely dysregulated and unpredictable much of the time." AR 466. ARNP Montgomery further observed: "[Plaintiff's] behavior in appointments reflects his varying moods. He becomes angry quickly with others and has difficulty understanding or

accepting the views of others including professionals in his life." ARNP Montgomery

opined that plaintiff "has significant limitations in his concentration, memory, social

functioning, adaption, and persistence that would be needed to work for more than a

maximum of 2 hours a day." *Id*. She further opined that plaintiff's "ongoing symptoms

would interfere with his ability to maintain needed attendance at a work place for any

sustained period of time." AR 467.

As a preliminary matter, plaintiff argues that the ALJ erred by failing to comply

with the order of the Appeals Council in her evaluation of ARNP Montgomery's opinion.

Dkt. 15, p. 1–4.

In the remand order, the Appeals Council ordered the ALJ to further evaluate

ARNP Montgomery's opinion because the prior ALJ had erred in giving her opinion "little

weight" on the basis that it "'was not an acceptable medical source'" and by failing to

consider the "longitudinal record." *See* AR 563. In the current decision, the ALJ also

gave "little weight" to ARNP Montgomery's opinion. AR 488. Plaintiff contends that the

ALJ simply repeated the prior ALJ's reasons in evaluating ARNP Montgomery's opinion

and therefore the Court should "invalidate" the ALJ's reasons. Dkt. 15, pp. 5–7.

The Court finds that the ALJ has complied with the order of the Appeals Council,

but as discussed below, the ALJ erred in her evaluation of ARNP Montgomery's opinion

for other reasons. Plaintiff also argues that the ALJ did not comply with the order of the

Appeals Council by failing to consider plaintiff's subjective complaints. Dkt. 15 p. 6. The

evaluation of a plaintiff's subjective complaints is a different issue from the evaluation of

medical opinion evidence. Plaintiff has not argued the former issue with any specificity

in the briefing, therefore the Court will not address it. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

In evaluating ARNP Montgomery's opinion, the ALJ gave "little weight" because it was inconsistent (1) with her own treatment notes, (2) plaintiff's activities, and (3) mental status examinations showing plaintiff's intact memory and concentration. AR 488.

As to the ALJ's the first reason, citing the inconsistency between ARNP Montgomery's opinion and her own notes can be a germane reason to discount her opinion. *See Baylis v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony). However, the ALJ's conclusion is not supported by substantial evidence. See *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision).

The defendant also alleges that the ALJ pointed to internal inconsistency in ARNP Montgomery's opinion as a reason for discounting the opinion. Dkt. 16 at 3-4. Plaintiff's ability to maintain activities of daily living such as interacting with a neighbor, using public transportation, or communicating with case workers -- despite auditory hallucinations that were documented in ARNP Montgomery's opinion -- does not mean that ARNP Montgomery was internally inconsistent in her opinion. There is nothing in the record to suggest that plaintiff's hallucinations were so constant or so disorienting that he could not do the baseline activities described by various mental health

professionals. *See, e.g.,* AR 368, 407-411, 771-768 (Dr. Czysz (opinion dated 3-19-2014) observes that plaintiff is "minimally able to attend to the basic activities of daily living"; Dr. Mitchell (opinion based on evaluation of 2-16-2016) observes "Claimant needs assistance to complete ADL's. Also states that plaintiff "claimed to have auditory hallucinations."; and Dr. Bowes (evaluation of 12-28-2017) who noted that plaintiff has ongoing auditory hallucinations, yet ADLS are described as difficult but he could accomplish basic cooking, grocery shopping, and riding the bus or walking). To sustain full-time competitive employment, the auditory hallucinations would obviously be more problematic with respect to work-related communication and other work-related activities, as ARNP Montgomery recognized. AR 467.

Here, the ALJ found ARNP Montgomery's opinion that plaintiff could not maintain his activities inconsistent with her notes of plaintiff's ability to participate in treatment and obtain resources for housing. AR 488. However, plaintiff's ability to seek out treatment would not be inconsistent with ARNP Montgomery's opinion. ARNP Montgomery observed that even when plaintiff was seeking treatment, he would lose concentration and "derail" several times before explaining himself. AR 356. She noted plaintiff also has difficulty accepting the views of professionals, and this often led to him not receiving "the medical care that he believes he wants, needs, and deserves" and "brings him into conflict with care givers." *See* AR 466-67. ARNP Montgomery also noted that plaintiff "manifests poor judgment, impulsivity, and makes decisions that indicate limited ability to act in his own best interests" and provided an example of when plaintiff insisted of being discharged from the hospital because "he was unable to

comprehend that remaining in the hospital where adequate care was guaranteed was of greater value to him." AR 467.

The ALJ also did not explain how plaintiff's ability to obtain resources for housing negated ARNP Montgomery's opinion. The ALJ cited to treatment notes showing plaintiff was interested in getting furniture for his apartment, but does not explain how this translates to plaintiff being able to maintain attendance and concentration in a workplace. *See* AR 458. That plaintiff was able to seek out treatment and obtain housing are not germane reasons—and even if the reasons are superficially germane, those reasons are not supported by substantial evidence, to discount ARNP Montgomery's opinion.

As to the ALJ's second reason, "[a] claimant need not be completely incapacitated to receive benefits." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, n. 7 (9th Cir. 1996)). Here, the ALJ discounted ARNP Montgomery's opinion by pointing to plaintiff's reports of watching documentaries, researching on the internet, and taking care of an elderly neighbor. AR 488. The ALJ did not explain how any of plaintiff's activities negated ARNP Montgomery's opinion that plaintiff cannot sustain concentration in a workplace for more than two hours a day. Plaintiff's activities are not equivalent to workplace tasks, and the record does not show how long plaintiff engaged in each of these activities. *See Popa v. Berryhill*, 872 F.3d 901 (9th Cir. 2017) (ALJ failed to explain how plaintiff's daily activities contradicted the lay testimony – and reasons were therefore not germane). The ALJ did not provide a germane reason to discount ARNP Montgomery's opinion based on plaintiff's daily activities.

As to the ALJ's third reason, citing inconsistency in plaintiff's medical records can be a germane reason to discount ARNP Montgomery's opinion, but the ALJ's conclusion must be supported by substantial evidence. *See Baylis v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Here, the ALJ gave "little weight" to ARNP Montgomery's opinion because mental examinations consistently showed intact memory and cognitive functioning. AR 488 (citing 425-26, 441, 452). However, the rest of plaintiff's record shows that he often had trouble remembering appointments or had impaired memory or significant memory limitations. AR 359, 393, 395-96, 436, 438, 828. The ALJ's conclusion based on plaintiff's mental status examinations is not a germane reason for discounting ARNP Montgomery's opinion.

3. Opinion of Dr. Czysz

James D. Czysz, Psy.D. evaluated plaintiff on March 19, 2014 by conducting a clinical interview and administering a mental status exam. *See* AR 368-73. Dr. Czysz diagnosed plaintiff with bipolar disorder, anxiety disorder with features of post-traumatic stress disorder, cognitive disorder, and opioid dependence in full remission on methadone therapy. AR 369. Based on these impairments, Dr. Czysz opined that plaintiff was moderately limited with understanding, remembering, and persisting in tasks by following very short and simple instructions; markedly limited with performing activities within a schedule, maintaining regular attendance, and being punctual; and markedly limited with completing a normal work day and work week without interruptions from psychologically based symptoms. AR 370. Dr. Czysz further opined that "[e]ven with treatment[,] this client will likely not be employable in the near term. Social Security is recommended." AR 371.

1    The ALJ gave "little weight" to Dr. Czysz's opinion because (1) plaintiff refused to

2  take medication though he reported hearing voices, (2) it was inconsistent with other

3  mental examinations, and (3) it was inconsistent with plaintiff's activities. AR 488.

4    With regards to the ALJ's first reason, when a mental illness is involved,

5  assuming that a failure to comply with prescribed treatment suggests a *willful* failure to

6  comply with prescribed treatment can be illogical. This is in part because a person

7  suffering from a mental illness may not realize that he needs his medication, or he may

8  not even realize that his "condition reflects a potentially serious mental illness." *Nguyen*

9  *v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

10    When a person suffers from a mental illness, and the mentally ill person does not

11  have the requisite insight into his or her condition to seek or comply with treatment, or

12  does not have the memory and focus to have the ability to take a medication three times

13  a day, this fact actually can indicate a greater severity of mental incapacity. *See id.*; *see*

14  *also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989). Here, the record

15  shows plaintiff suffered from hallucinations at the time of, and following, the date of Dr.

16  Czysz's opinion. AR 392-3, 424, 427, 811, 813-14, 816-19, 821, 823, 825-26, 828, 834,

17  878, 882, 885.  "[I]t is a questionable practice to chastise one with a mental impairment

18  for the exercise of poor judgment in seeking rehabilitation.'" *Nguyen*, 100 F.3d at 1465

19  (*quoting* with approval, *Blankenship*, 874 F.2d at 1124). For this reason, the ALJ erred

20  in giving "little weight" to Dr. Czysz's opinion on the basis that plaintiff refused to take

21  medication.

22    As to the ALJ's second reason, although consistency with the record is an

23  important factor in assessing the weight to give a medical opinion, mental examinations

24

25

must be considered in the context of the overall record. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). In giving "little weight" to Dr. Czysz's opinion, the ALJ pointed specifically to plaintiff's mental examinations that have consistently shown intact memory and cognitive functioning. AR 488 (citing AR 425-26, 441, 452). These examinations do not necessarily undermine Dr. Czysz's opinion, which did not primarily concern plaintiff's memory and cognitive functions but rather plaintiff's impairments due to his bipolar disorder, anxiety disorder with features of post-traumatic stress disorder, cognitive disorder, and opioid dependence.

As to the ALJ's third reason, inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

Here, the ALJ cited to treatment notes where plaintiff discussed taking care of a neighbor and performing interior work. AR 951, 953. However, the ALJ did not explain how either of these activities negated Dr. Czysz's opinion that Plaintiff would have marked to severe limitation in maintaining regular attendance or a schedule. Plaintiff's caretaking is seldom mentioned in the record—and in one of the occasions where it is mentioned, plaintiff reported that the neighbor had passed away (AR 427)—and the treatment notes characterized the interior design work as "periodic." *See* AR 951-53. The record does not show, nor did the ALJ ask during the hearing, how frequently or in

what aspects plaintiff took care of his neighbor, or how often he performed interior work. Therefore, the ALJ erred in her interpretation of Dr. Czysz's opinion based on plaintiff's daily activities.

In discounting Dr. Czysz's opinion, as well as the opinions of the other examining and treating medical sources discussed below, the ALJ also relied on the opinion of nonexamining psychologist Vincent Gollogly, Ph.D. AR 489; *see* AR 131-35.

Dr. Gollogly opined that plaintiff was not significantly limited with carrying out very short and simple instructions; performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; and sustaining an ordinary routine without special supervision. AR 133-34. Dr. Gollogly further opined that plaintiff was moderately limited with carrying out detailed instructions and completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods. *Id*. Based on his review of plaintiff's records, Dr. Gollogly concluded that plaintiff was not disabled. AR 136.

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"), (c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not

examined you"). A nonexamining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes v. Bowen,* 881 F.2d 747, 752 (9th Cir. 1989)). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831).

Here, the ALJ gave "significant weight" to the opinion of Dr. Gollogly, finding that it was consistent with the record, specifically with the mental status examinations in the record showing that plaintiff had "intact memory, concentration, and intellect". *See* AR 489. However, the evidence the ALJ pointed to was not directly related to plaintiff's cognitive functioning or ability to work without interruption. The evidence consisted of plaintiff's physical examinations (AR 903, 908, 924), notes concerning plaintiff's progress on his chemical dependency (AR 935), and treatment plans to help plaintiff cope with his mental health and anxiety (AR 420). The ALJ did cite some mental examinations, but even those examinations showed that plaintiff had anxious, irritable or dysphoric mood (AR 425, 452).

The ALJ also found Dr. Gollogly's opinion consistent with plaintiff's ability to regularly attend methadone therapy. AR 489. However, as previously discussed, the

record shows that plaintiff often had trouble remembering appointments or had impaired memory or significant memory limitations. AR 359, 393, 395-96, 436, 438, 828.

The Court finds Dr. Gollogly's opinion is not consistent with the evidence cited by the ALJ. Further, because the ALJ gave no other legitimate, supported reason to discount Dr. Czysz's opinion, the ALJ could not solely rely on Dr. Gollogly's opinion to discount Dr. Czysz's without committing error.

4.   Opinion of Dr. Mitchell

Melanie E. Mitchell, Psy.D. evaluated plaintiff on February 16, 2016 by conducting a clinical interview and administering a mental status exam. *See* AR 407-12. Dr. Mitchell diagnosed plaintiff with bipolar disorder, most recent episode depressed; unspecified anxiety disorder; opioid dependence, on agonist therapy; and R/O post-traumatic stress disorder ("PTSD"). AR 409. Based on these impairments, Dr. Mitchell opined: "SSI referral appropriate for chronic, severe mental health impairments, very poor prognosis for gainful employment and likely need for long-term resources." AR 410.

The ALJ gave "little weight" to Dr. Mitchell's opinion because (1) it was inconsistent with other mental status examinations and (2) the record showed improvement of plaintiff's symptoms. AR 488.

As to the ALJ's first reason, as previously discussed, inconsistency with plaintiff's mental status examinations does not necessarily undermine a medical opinion when considered in context with the rest of the record. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ pointed to mental status examinations following Dr. Mitchell's evaluation that consistently showed intact memory and cognitive functioning. AR 488 (citing AR 441). However, Dr. Mitchell's opinion concerned plaintiff's

impairments due to his bipolar disorder, depression, anxiety, opioid dependence, and PTSD. Moreover, the record includes evidence of plaintiff's memory impairments. AR 359, 393, 395-96, 828. The ALJ's finding that Dr. Mitchell's opinion was inconsistent with mental status examinations was not supported by substantial evidence.

As to the ALJ's second reason, when "a person who suffers from severe panic attacks, anxiety, and depression" improves, that "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). "Occasional symptom-free periods— and even—the sporadic ability to work—are not inconsistent with disability." *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995).

Here, the ALJ cited to plaintiff's reports of working on music, volunteering, and working side jobs. AR 979, 992, 986. However, the ALJ did not explain how these activities show improvement to such an extent that plaintiff is able work. Moreover, the record includes several reports of plaintiff continuing to hallucinate and displaying varying moods. AR 366, 391-93, 424, 427, 811, 813-14, 816-19, 821, 823, 825-26, 828, 834, 878, 882, 885. The ALJ's finding that plaintiff's medical record had improved was not supported by substantial evidence.

In discounting Dr. Mitchell's opinion, the ALJ also relied on the opinion of non-examining doctor Dr. Gollogly. As discussed above, Dr. Gollogly's opinion was not consistent with the evidence cited by the ALJ. *See* Section IV.A.3, *supra*. Because the ALJ gave no other legitimate, supported reason to discount Dr. Mitchell's opinion, the ALJ could not solely rely on Dr. Gollogly's opinion to discount Dr. Mitchell's without committing error.

1    5.  Opinion of Dr. Bowes

2    Tasmyn Bowes, Psy.D., evaluated plaintiff on December 28, 2017 by conducting

3    a clinical interview and administering a mental status exam. AR 763-74. Dr. Bowes

4    diagnosed plaintiff with schizoaffective disorder, bipolar type, currently depressed,

5    moderate; unspecified anxiety (RO PTSD); ADHD; heroin use disorder in SFR; and

6    cocaine use disorder in SFR. AR 766. Based on these impairments, Dr. Bowes opined:

7    "This claimant needs to be on social security with ongoing support to maintain stable

8    housing, regular Physical health checkups, weekly individual psychotherapy, psychiatric

9    evaluation, and appropriate psychotropic intervention." AR 767.

10    The ALJ gave "little weight" to Dr. Bowes's medical opinion because (1) it was

11    inconsistent with treatment notes and (2) inconsistent with plaintiff's daily activities. AR

12    489

13    A conflict between treatment notes elsewhere in the record and an examining

14    medical source's opinion may constitute a legitimate reason to discount the opinions of

15    the source. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th

16    Cir. 2009) (holding that a conflict with treatment notes is a specific and legitimate reason

17    to reject treating physician's opinion). Here, the ALJ found that Dr. Bowes's medical

18    opinion was inconsistent with treatment notes showing plaintiff's hallucinations as

19    "stable." AR 489.

20    However, those treatment notes do not necessarily undermine Dr. Bowes's

21    opinion -- as those were from plaintiff's physical examinations. In contrast, Dr. Bowes's

22    opinion was exclusively directed at plaintiff's mental impairments. Additionally, as

23    previously stated, plaintiff's record includes significant evidence of his continued

24    hallucinations. AR 392-3, 424, 427, 811, 813-14, 816-19, 821, 823, 825-26, 828, 834,

25

878, 882, 885. The ALJ's finding of inconsistency between Dr. Bowes's opinion and other treatment notes is not supported by substantial evidence. Accordingly, the ALJ erred in giving "little weight" to Dr. Bowes's opinion on this basis.

As to the ALJ's second reason, as previously discussed, inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Here, the ALJ cited to treatment notes where plaintiff discussed taking care of a neighbor, performing periodic interior work, working on music, and volunteering. AR 951, 953, 979, 986, 992. But the ALJ did not explain how these activities negated Dr. Bowes's opinion that Plaintiff would have marked to severe limitations in performing basic work activities. The ALJ did not explain how long and often plaintiff took care of his neighbor or volunteered. The record also showed that the interior work that plaintiff performed was "periodic. AR 953. The ALJ did not provide substantial evidence to support her evaluation of Dr. Bowes's opinion.

In discounting Dr. Bowes's opinion, the ALJ also relied on the opinion of nonexamining doctor Dr. Gollogly. As discussed above, Dr. Gollogly's opinion was not consistent with the evidence cited by the ALJ. Because the ALJ gave no other legitimate, supported reason to discount Dr. Bowes's opinion, the ALJ could not therefore solely rely on Dr. Gollogly's opinion to discount Dr. Bowes's without committing error.

6. <u>Opinion of Dr. Rowlett</u>

David B. Rowlett, III, M.D., assessed plaintiff on October 24, 2019. AR 861-65. Using a check-box form, Dr. Rowlett opined that plaintiff had severe limitation with his ability to maintain attention and concentration for at least two straight hours with at least four such sessions in a workday. AR 861.

The ALJ gave "little weight" to Dr. Rowlett's opinion because (1) he did not provide an explanation for his assessed limitations and (2) his opinion was inconsistent with treatment notes showing plaintiff was making good progress. AR 489.

As to the first reason, an ALJ may "permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astru*e, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Here, Dr. Rowlett's assessment is not adequately supported—there is no explanation as to how this assessment was completed, and while the form states that an initial evaluation was completed on March 28, 2019, that evaluation is not provided in the record. AR 863. In giving "little weight" to Dr. Rowlett's opinion, the ALJ had a specific and legitimate reason and therefore did not err on this basis.

Having found that the ALJ did not err in the evaluation of Dr. Rowlett's medical opinion on the basis that he did not provide an explanation for plaintiff's limitations, the Court does not need to consider whether the ALJ erred in giving "little weight" to Dr. Rowlett's opinion based on its inconsistency with treatment notes showing plaintiff's progress. Even if the ALJ had erred on the latter basis, the ALJ already provided a sufficient reason for discounting Dr. Rowlett's opinion. Accordingly, any potential error the ALJ may have committed in discounting Dr. Rowlett's opinion because it was

1    inconsistent with treatment notes showing plaintiff's progress is harmless. *See*

2    *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

3         7.  Harmless Error

4         An error is harmless only if it is not prejudicial to the claimant or "inconsequential"

5    to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*,

6    454 F.3d 1050, 1055 (9th Cir. 2006).

7         In this case, the ALJ's errors were not harmless. A proper evaluation of the

8    medical opinion of ARNP Montgomery, Dr. Czysz, Dr. Mitchell, and Dr. Bowes would

9    change the hypothetical posed to the VE and also change the evaluation of whether

10   plaintiff is, or is not, disabled under the statutory and regulatory criteria.

11        B.  Whether Plaintiff is Entitled to Remand for an Award of Benefits

12        Plaintiff requests that this Court reverse the ALJ's decision and remand for benefits,

13   or alternatively, remand the case for further proceedings. Dkt. 15, p.18.

14        "'The decision whether to remand a case for additional evidence, or simply to

15   award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

16   682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

17   an ALJ makes an error and the record is uncertain and ambiguous, the court should

18   remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

19   (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

20   the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*,

21   874 F.3d 648, 698 (9th Cir. 2017).

22        The Ninth Circuit has developed a three-step analysis for determining when to

23   remand for a direct award of benefits. Such remand is generally proper only where

24

25

(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

As to the first element, this Court has already remanded this case for further proceedings once (AR 552, remand by stipulation), and simply providing another opportunity to assess improperly evaluated evidence, allowing the ALJ to have a "mulligan", does not qualify as a remand for a "useful purpose" under the first part of the credit as true analysis. *See Garrison*, 759 F.3d at 1021-22 (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

As to the second element, the Court has found that the ALJ failed to provide legally sufficient reasons for rejecting medical evidence of plaintiff's disability. And, if the medical opinions of ARNP Montgomery, Dr. Czysz, Dr. Mitchell, and Dr. Bowes were credited as true, the ALJ would be required to find plaintiff disabled on remand. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits.")

1     Accordingly, remand for an award of benefits is the appropriate remedy.

2                                    CONCLUSION

3     Based on the foregoing discussion, the Court finds the ALJ erred by determining

4  plaintiff to be not disabled. The Court reverses the decision of the ALJ and remands to

5  the Commissioner for an award of benefits.

6     Dated this 1st day of February, 2022.

7

8

9     _____
      Theresa L. Fricke
10    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 22